IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONICA LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:05cv198-C |
| ) | WO |
| FARMER'S FURNITURE COMPANY ) | |
| OF ALABAMA, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER on MOTION**

**I. INTRODUCTION**

The plaintiff, Monica R. Lewis ("Lewis"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), asserting claims of retaliation, disparate treatment, and hostile work environment against Farmer's Furniture Company of Alabama, Inc., ("Farmer's Furniture Company"), Gene Pope ("Pope"), store manager, and Machelle Parsons ("Parsons"), credit manager. On March 24, 2005, Pope and Parsons filed a motion to dismiss the claims against them as individual defendants. (Doc. # 4.) On March 28, 2005, this court ordered the plaintiff to show cause why the claims against Pope and Parsons should not be dismissed. Lewis has not filed a response to this court's order. The court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.[1]

Now pending before the court is the defendants' motion to dismiss the claims against Pope and Parsons. The court has reviewed the defendants' motion and concludes that all of the claims against Pope and Parsons are due to be dismissed and that these individuals should be

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case.

dismissed as defendants in this case.

## II. STANDARD OF REVIEW

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232, 235 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*. "Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.*

In appraising the sufficiency of the complaint, courts follow the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(footnote omitted); *see also Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967). The threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

## III. DISCUSSION

Pope and Parsons assert that the claims against them should be dismissed because Title VII claims cannot be maintained against individuals. (Doc. # 4 at 6.) It is well settled law that Title VII claims may not be brought against individual defendants. *See*, *e.g., Shotz v. City of*

*Plantation*, 344 F.3d 1161, 1174 n.20 (11th Cir. 2003) (noting that Title VII does not provide a remedy against individual defendants); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (noting that individuals cannot be held liable under Title VII); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."); *Smith v. Alabama Dep't of Corr.*, 145 F.Supp.2d 1291, 1296 (M.D. Ala. 2001). In light of the foregoing, the court concludes that Lewis' Title VII claims against Pope and Parsons are due to be dismissed for failure to state a claim upon which relief can be granted. *See* FED.R.CIV.P. 12(b)(6).

## IV. CONCLUSION

Accordingly, it is

ORDERED as follows:

1.  The motion to dismiss filed by Pope and Parsons (doc. # 4) be and is hereby GRANTED.

2.  All of the claims against Pope and Parsons be and are hereby DISMISSED with prejudice pursuant to FED.R.CIV.P. 12(b)(6).

3.  Pope and Parsons be and are hereby DISMISSED as defendants in this case.

Done this 25th day of April, 2005.

                                            /s/Charles S. Coody
                                          CHARLES S. COODY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE